Leonardo AGUILAR, Appellant

v.

The STATE of Texas, Appellee.

No. PD–1111–12.

Court of Criminal Appeals of Texas.

March 20, 2013.

Mark Bennett, Bennett & Bennett, Houston, TX, for Appellant.

Mandy Miller, Assistant District Attorney, Houston, Lisa C. McMinn, State's Attorney, Austin, TX, for State:

## OPINION

PER CURIAM.

Appellant was charged with felony possession of a controlled substance. The charge was reduced to a Class A misdemeanor. He pleaded guilty and was sentenced to ten days in jail.

Appellant filed a writ application pursuant to Art. 11.072 alleging that he received ineffective assistance of counsel under *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010). The trial court denied relief. On appeal, the Court of Appeals reversed, holding that counsel's performance was deficient under *Padilla*. *Aguilar v. State*, 375 S.W.3d 518 (Tex. App.–Houston [14th Dist.] 2012).

The State has filed a petition for discretionary review of this decision. The U.S. Supreme Court recently held that, under *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), *Padilla* does not have retroactive effect. *Chaidez v. United States*, —— U.S. ——, 133 S.Ct. 1103, 185 L.Ed.2d 149 (2013). Today, we adopted that Court's reasoning as a matter of state law in *Ex parte De Los Reyes*, 392 S.W.3d 675 (Tex.Crim.App.2013).

The Court of Appeals in the instant case did not have the benefit of our opinion in *De Los Reyes*. Accordingly, we grant the State's petition for discretionary review, vacate the judgment of the Court of Appeals, and remand this case to the Court of Appeals in light of *De Los Reyes*.